787 F.2d 372
 31 Ed. Law Rep. 412
 LITTLE ROCK SCHOOL DISTRICT, Appellee,
v.
PULASKI COUNTY SPECIAL SCHOOL DISTRICT NO. 1; Mac Faulkner;
Charles Stratton; Don Hindman; Mack McAllister;
Sheryl Dunn; David Sain; and Mildred
Tatum, Appellants.
Lorene Joshua, as next friend of minors Leslie Joshua, Stacy
Joshua and Mayne Joshua; Rev. Robert Willingham, as next
friend of minor Tonya Willingham; Sara Matthews, as next
friend of Khayyan Davis, Alexa Armstrong and Karlos
Armstrong; Mrs. Alvin Hudson as next friend of Tatia
Hudson; Mrs. Hilton Taylor as next friend of Parsha Taylor,
Hilton Taylor, Jr. and Brian Taylor; Rev. John M. Miles as
next friend of Janice Miles Derrick Miles; Rev. Robert
Willingham on behalf of and as President of the Little Rock
Branch of NAACIP; Lorene Joshua on behalf of and as
President of the North Little Rock Branch of the NAACIP;
Katherine Knight, individually and as President of the
Little Rock Classroom Teachers Association (LRCTA); LRCTA;
Ed Bullington, individually and as President of the Pulaski
Association of Classroom Teachers (PACT); PACT; John
Harrison, individually and as President of the North Little
Rock Classroom Teachers Association (NLRCTA); NLRCTA;
Milton Jackson, individually and as a Noncertified
Educational Support Employee of the Little Rock School
District, Appellees.
LITTLE ROCK SCHOOL DISTRICT, Appellee,
v.
NORTH LITTLE ROCK SCHOOL DISTRICT; Murry Witcher; Ginny
Jones; Vicki Stephens; Leon Barnes; Marianne
Gossner; and Steve Morley, Appellants.
Lorene Joshua, as next friend of minors Leslie Joshua, Stacy
Joshua and Mayne Joshua; Rev. Robert Willingham, as next
friend of minor Tonya Willingham; Sara Matthews, as
next friend of Khayyan Davis, Alexa Armstrong and Karlos
Armstrong; Mrs. Alvin Hudson as next friend of Tatia
Hudson; Mrs. Hilton Taylor as next friend of Parsha Taylor,
Hilton Taylor, Jr. and Brian Taylor; Rev. John M. Miles as
next friend of Janice Miles Derrick Miles; Rev. Robert
Willingham on behalf of and as President of the Little Rock
Branch of NAACIP; Lorene Joshua on behalf of and as
President of the North Little Rock Branch of the NAACIP;
Katherine Knight, individually and as President of the
Little Rock Classroom Teachers Association (LRCTA); LRCTA;
Ed Bullington, individually and as President of the Pulaski
Association of Classroom Teachers (PACT); PACT; John
Harrison, individually and as President of the North Little
Rock Classroom Teachers Association (NLRCTA); NLRCTA;
Milton Jackson, individually and as a Noncertified
Educational Support Employee of the Little Rock School
District, Appellees.
LITTLE ROCK SCHOOL DISTRICT, Appellee,
v.
ARKANSAS STATE BOARD OF EDUCATION; Wayne Hartsfield;
Walter Turnbow; Harry A. Haines; Jim Dupree; Dr. Harry P.
McDonald; Robert L. Newton; Alice L. Preston; Jeff
Starling; Earle Love, Appellants.
Lorene Joshua, as next friend of minors Leslie Joshua, Stacy
Joshua and Mayne Joshua; Rev. Robert Willingham, as next
friend of minor Tonya Willingham; Sara Matthews, as next
friend of Khayyan Davis, Alexa Armstrong and Karlos
Armstrong; Mrs. Alvin Hudson as next friend of Tatia
Hudson; Mrs. Hilton Taylor as next friend of Parsha Taylor,
Hilton Taylor, Jr. and Brian Taylor; Rev. John M. Miles as
next friend of Janice Miles Derrick Miles; Rev. Robert
Willingham on behalf of and as President of the Little Rock
Branch of NAACIP; Lorene Joshua on behalf of and as
President of the North Little Rock Branch of the NAACIP;
Katherine Knight, individually and as President of the
Little Rock Classroom Teachers Association (LRCTA); LRCTA;
Ed Bullington, individaully and as President of the Pulaski
Association of Classroom Teachers (PACT); PACT; John
Harrison, individually and as President of the North Little
Rock Classroom Teachers Association (NLRCTA); NLRCTA;
Milton Jackson, individually and as a Noncertified
Educational Support Employee of the Little Rock School
District, Appellees.
 Nos. 85-1078, 85-1079 and 85-1081.
 United States Court of Appeals,
Eighth Circuit.
 March 24, 1986.
 
 Before LAY, Chief Judge, HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG and BOWMAN, Circuit Judges.
 
 ORDER
 
 1
 The Joshua intervenors have petitioned this Court for an award of attorneys' fees in the amount of $36,458.00 and for a fifty percent enhancement of that amount because of the contingent nature of their counsels' representation. The movants also request reimbursement of out-of-pocket expenses in the amount of $37.75. The Joshua intervenors are prevailing parties, and we are satisfied from the records and affidavits submitted that the hourly rates and number of billable hours are reasonable and accurately reflect the time spent preparing for the underlying appeals. Accordingly, we grant the request for $36,458.00 in fees and $37.75 in costs. However, we find no special circumstances which justify a fee enhancement, and deny the request for a fifty percent enhancement.
 
 
 2
 The State of Arkansas, Pulaski County School District, Little Rock School District and North Little Rock School District shall pay the Joshua intervenors the fees and costs award in the following percentages:
 
 
 3
 State of Arkansas 40%
Pulaski County School District 30%
Little Rock School District 15%
North Little Rock School District 15%
 
 
 4
 ARNOLD, Circuit Judge, concurring in part and dissenting in part.
 
 
 5
 I agree with the Court that fees should be awarded in the amount of $36,458.00, and that no contingency enhancement should be allowed.
 
 
 6
 I believe, however, that a somewhat different allocation of the liability for fees among the parties should be adopted. A good deal of the fee request, something in the neighborhood of $17,000.00, is attributable to time expended in connection with the intervenors' successful appeal from the district court's order denying their motion for leave to intervene. Only the Little Rock School District (LRSD) opposed the intervention in this Court. I believe, therefore, that this portion of the fees and costs should be charged exclusively to LRSD. It does not seem fair for the state, the Pulaski County Special School District (PCSSD), and the North Little Rock School District (NLRSD) to pay for the time spent on this portion of the case.
 
 
 7
 With respect to the time spent on the appeal on the merits, I would make no award against LRSD, because it, like the intervenors, is a prevailing party on the merits. Although it did not obtain the relief originally prayed for, LRSD did secure a substantial measure of interdistrict relief. I do not understand why one prevailing party should pay a portion of the fees and costs incurred by another prevailing party. I would allocate the award for this portion of the case among the other three parties as follows:
 
 
 8
 PCSSD 60 percent
State Board of Education 30 percent
NLRSD 10 percent
 
 
 9
 I take this position because PCSSD is, in my view, the most culpable of the defendants, and NLRSD is the least culpable, since no substantial interdistrict relief was granted against it. Accepting for present purposes the Court's decision that the State Board of Education must shoulder a substantial part of the burden of interdistrict relief, I still believe that the State Board's involvement was less serious than that of PCSSD, the primary actor.
 
 
 10
 BOWMAN, Circuit Judge, dissenting, with whom FAGG, Circuit Judge, joins.
 
 
 11
 If I could agree that any fees should be awarded to the Joshua interventors, I would agree with the Court that no contingency enhancement should be allowed, and I would agree with Judge Arnold's views regarding the allocation of the liability for fees among the parties. It seems to me, however, that the Joshua interventors came into the case very late, contributed nothing to its development, and argued only for the remedy of consolidation that the Court en banc rejected. I am unable to discern that they have added anything to the efforts previously expended by the Little Rock School District, and clearly they have not prevailed upon anything other than the question of their right to intervene. Accordingly, I would deny the request for fees altogether, and I respectfully dissent from the Court's decision to award fees.